## THE JEANNETTE SKINNER.

### THE CEYLON MARU.

(Circuit Court of Appeals, Fourth Circuit. May 18, 1922.)

#### No. 1935.

Shipping ⬤➔3½, New, vol. 8A Key-No. Series—United States vessel employed as army transport immune from lien for collision damages.

A vessel owned by the United States, manned by the navy and employed as an army transport in serving public needs at the time of a collision, is immune from lien liability for damages caused by the collision.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Suit in admiralty by the Nippon Yusen Kabushiki Kaisha, owner of steamship Ceylon Maru, against the steamship Jeannette Skinner; the United States, owner and claimant. Decree for libelant, and claimant appeals. Reversed.

For opinions below, see 266 Fed. 396.

J. Frank Staley, Sp. Asst. Atty. Gen. (Robert R. Carman, U. S. Atty., of Baltimore, Md., on the brief), for appellant.

Burlingham, Veeder, Masten & Fearey, of New York City, George Weems Williams, of Baltimore, Md., and Van Vechten Veeder and Chauncey I. Clark, both of New York City, for appellee.

Before KNAPP, WOODS, and WADDILL, Circuit Judges.

KNAPP, Circuit Judge. On November 2, 1918, the Jeannette Skinner, a vessel at all times owned by the government, while manned by the navy and employed in the Army Cargo Transport Service, was in collision with the privately owned Japanese steamship Ceylon Maru, then under time charter to the United States, and lying at anchor off Trompeloupe, France. Later, after the Jeanette Skinner's release from the Transport Service, but while still manned by the navy and employed in carrying Food Administration cargoes, the owner of the Ceylon Maru, under assumed authority of section 9 of the Shipping Act of 1916 (Comp. St. § 8146e), filed a libel in rem against the Jeannette Skinner to recover the damages caused by the collision. The United States, appearing specially and not otherwise, filed its suggestion of want of jurisdiction of the District Court to entertain the proceeding.

The District Court held that, although at the time of the collision the Jeannette Skinner was employed in public service, yet inasmuch as

at the time the libel was filed she had been released from such service and assigned to service determined to be commercial, in which she was employed at the time of her seizure, the court had jurisdiction, and that the happening of the collision impressed upon the vessel a lien which, though not then enforceable, survived and became enforceable against her when committed to commercial service. The Jeannette Skinner, 258 Fed. 768. The court accordingly assumed jurisdiction, heard the case on the merits, found the Jeannette Skinner and those in charge of her solely at fault for the collision, and entered a decree against the government for the damages sustained by the Ceylon Maru. The government appeals.

Since the decision in the court below, the direct contrary has been held by the Supreme Court in the Western Maid Group of Cases, 257 U. S. 419, 42 Sup. Ct. 159, 66 L. Ed. ——, decided January 3, 1922. As applied to the instant case, the ruling in those cases is that, as the Jeannette Skinner at the time of the collision was a vessel owned by the government, manned by the navy, and employed as an army transport in serving public needs, she was immune from lien liability for the damages caused by the collision. The District Court was therefore without jurisdiction of the vessel or the subject-matter, and the libel should have been dismissed for that reason. This ruling is decisive of the present appeal, and other assignments of error need not be discussed.

The decree will be reversed, and the cause remanded, with directions to dismiss the libel for want of jurisdiction.

Reversed.