### ADAMS et al. v. UNITED STATES.

(District Court, D. Massachusetts. June 29, 1922.)

No. 1958.

1. **Shipping ⊜�439½, New, vol. 8A Key-No. Series—Suits against United States as shipowner.**

In Act March 9, 1920, § 2, authorizing suit against the United States on a cause of action in rem against any vessel of which it or the Shipping Board is owner and which is "employed as a merchant vessel," the provision as to employment relates to the time when the cause of action arose.

2. **Shipping ⊜�439½, New vol. 8A Key-No. Series—Ship "employed as a merchant vessel."**

A ship owned by the Shipping Board, which had been used by the Navy Department, but had been returned to the Board and was waiting repairs to fit her for merchant service, though the Navy crew was still on board, *held* "employed as a merchant vessel," within the meaning of Act March 9, 1920, § 2, and a suit *held* maintainable against the United States for injury caused by her to another vessel.

In Admiralty. Suit by Charles F. Adams and others against the United States. On objections to jurisdiction. Overruled.

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Edward E. Blodgett, of Boston, Mass., for libelants.

Charles P. Curtis, Jr., of Boston, Mass., for the United States.

MORTON, District Judge. This is a libel against the United States as owner of the steamship Lake Lasang, under the Act of March 9, 1920 (41 Stat. 525). The suit arose out of a collision in the harbor of Newport News, caused by the Lake Lasang dragging her anchor and fouling the other vessel. The United States Attorney has filed a suggestion of want of jurisdiction upon the ground that at the time in question the Lake Lasang was not "employed as a merchant vessel." The facts in relation to this question are covered by an agreed statement in writing.

The accident occurred on August 13, 1919. Until two days previous the steamship had been in the service of the Navy Department, employed in other than merchant service. On August 11th, however, the Navy Department had formally turned her back to the Shipping Board; a certificate attesting this fact was duly signed by representatives of the Navy Department, the War Department, and the Shipping Board. The Navy crew were to remain on board until relieved by a Shipping Board crew. When the accident occurred the Navy crew were still in charge of the steamer. The survey made in connection with turning the vessel back to the Shipping Board had shown that about $3,400 worth of work was needed to be done, and the steamer, under orders from the Shipping Board, was awaiting her turn at the yard for this purpose. After the work was completed she was put into service as a freighter on the Munson Line.

[1] Under the Act of March 9, 1920, there is no jurisdiction of suits like this unless the vessel was "employed as a merchant vessel." And the single question is whether, on these facts, the Lake Lasang was so employed at the time of the accident. Some question is made whether the statute means employed at the time when the accident took place or when suit is brought; but the decision in The Western Maid (U. S. v. Thompson) (Jan. 3, 1922) 257 U. S. 419, 42 Sup. Ct. 159, 66 L. Ed. ——, leaves, I think, not much room for doubt on that point. The statute does not make vessels liable for torts for which suit could not have been brought at the time of the accident.

[2] The expression "employed as a merchant vessel" has reference to the work which the vessel is doing, or for which she is proceeding, or waiting. A vessel is employed as a merchant vessel, not merely when transporting cargo, but when going light to load, when awaiting repairs, etc. The Ceylon Maru (D. C.) 266 Fed. 396, at page 397. If the vessel is earning her living in the merchant service, she is so employed within the meaning of this statute. The mere fact that a Navy crew is on board does not prevent her from being regarded as a merchant vessel. The Jeannette Skinner (D. C.) 258 Fed. 768. Here the Lake Lasang had been discharged from nonmerchant service; she was under Shipping Board orders, and was awaiting repairs in order to fit her for carrying freight or passengers.' This, it seems to me, was employment in merchant service within the meaning of this statute.

Case to stand for hearing on the merits.