### THE LAKE LIDA. THE MAINE. THE PEERLESS. UNITED STATES v. MILLER et al.

(Circuit Court of Appeals, Fourth Circuit. May 18, 1923.)

No. 2056.

United States ☞125—Not subject to suit for damages by collision caused by government vessel employed in government business; "merchant vessel."

A government-owned ship, actually engaged in the government's business of transporting coal for governmental use at the time of a collision, was not employed as a "merchant vessel," within the meaning of Shipping Board Act Sept. 7, 1916, § 9 (Comp. St. § 8146e), and would not have been subject thereunder to suit in rem for recovery of damages caused by the collision and the United States is not subject to suit in personam for such damages under Suits in Admiralty Act March 9, 1920, § 2.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Suit in admiralty for collision by S. G. Miller master of the barge Maine, against the United States, as owner of the steamship Lake Lida and another, owner of the steam tug Peerless. From a decree against the United States it appeals. Reversed.

H. H. Rumble, Sp. Asst. U. S. Atty., of Norfolk, Va. (Paul W. Kear, U. S. Atty., of Norfolk, Va., on the brief), for the United States.

John W. Oast, Jr., and Floyd Hughes, both of Norfolk, Va. (Oast, Kelsey & Jett and Hughes, Vandeventer & Eggleston, all of Norfolk, Va., on the brief), for appellees.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. The libel in this case involves a collision between the steamship Lake Lida and the barge Maine, while in tow of the steam tug Peerless, which occurred about 4 o'clock p. m. on the 13th day of March, 1920, in the waters of Elizabeth River, off Lambert's Point, Norfolk, Va. The facts are briefly these:

The Lake Lida was a United States Shipping Board vessel, under charter to the United States Navy Bureau of Supplies and Accounts, for a voyage from Norfolk to Colon, Isthmus of Panama, with a cargo of coal for use of the government, the charter having been effected by the West India Steamship Company, as agent for the United States

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Shipping Board. On the evening in question, the Lake Lida, having theretofore completed her loading and moved to anchorage on the west side of the channel, approximately opposite Norfolk & Western Coal Pier No. 4 at Lambert's Point, upon securing a Virginia pilot, raised her anchor to proceed to sea. The tide was ebb, and the ship heading upstream, which necessitated her turning round. Owing to the presence of other vessels to the westward of the Lake Lida she was forced to back into the channel, and while so doing, in charge of the pilot aforesaid, and hugging as closely to the westward side of the channel as practicable, her head swinging slowly to starboard, the tug Peerless was observed coming from the direction of Norfolk with the Maine in tow, the Peerless then being 1,000 or 1,200 feet away, in mid-channel or slightly to the eastward thereof. While the two vessels were thus proceeding, the collision between the barge and the Lake Lida occurred.

Each vessel seeks to place the liability solely upon the other. The District Court decided that the Lake Lida was solely responsible, and that neither the tug Peerless nor the barge Maine were guilty of fault contributing to the occurrence, and a decree was entered in favor of the Maine against the United States, as owner of the Lake Lida, from which this appeal is taken by the United States.

A preliminary question involving the jurisdiction of the district court, is presented for consideration. Appellant insists that that court was without jurisdiction, since the Lake Lida was a government-owned ship, and at the time of the collision was actually engaged in the government's business of transporting coal for governmental use at its coaling station at Colon. There is much force in the contention of appellees that inasmuch as the United States Shipping Board had been using the Lake Lida, through the instrumentality of the West India Steamship Corporation as its agent, pursuant to the federal statute to that end, for general commercial purposes, that the contract to carry a single cargo of coal from Norfolk to Colon for the government, under contract with the Navy Bureau, did not exempt the government from suit or liability because of its governmental attributes and connections.

We should be strongly inclined to so hold but for the decision of the Supreme Court of the United States in the case of the Western Maid, 257 U. S., 419, 429, 434, 42 Sup. Ct. 159, 66 L. Ed. 299. In that decision, the Supreme Court makes clear that neither the act of September 7, 1916 (39 Stat. 728), nor that of March 9, 1920 (41 Stat. 525), gives any cause of action that did not theretofore exist against the government; in other words, that since the United States and its vessels were not subject to suits for admiralty torts of the kind here involved, prior to the passage of the two acts referred to, such suits cannot now be maintained, save when its ships are being used as merchant vessels. The Western Maid was followed by this court in the case of Jeannette Skinner and Ceylon Maru, 281 Fed. 538, as it was also by the United States District Court for the Southern District of New York in The Western Hope, 287 Fed. 400, a decision by Circuit Judge Ward American Maritime Cases, February, 1923, vol. 1, p. 82, and, while these cases were not brought to the attention of the trial court,

we feel that they are controlling, and hence the jurisdiction should be denied.

It is earnestly insisted that these cases do not apply under the facts here. We appreciate the strength of the view presented, but are forced to the conclusion that the case comes within the principles announced therein, and from a legal standpoint they are not distinguishable.

The decision of the lower court will be reversed.

Reversed.